**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TAMI E. HENRY, *et al.*, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-3042 |
| § | |
| PEP BOYS, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER**

One of the defendants, Bradley Toby Schafer, filed a third motion to dismiss the plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) for ineffective service of process. Based on the motion and response, the record, and the applicable law, the court denies the motion to dismiss without prejudice to reassertion if appropriate. The reasons are explained below.

**I.  Background**

This lawsuit was filed on October 15, 2013. On February 5, 2014, the plaintiff filed a "returns of summons" with the Clerk of Court, claiming to have served Schafer. (Docket Entry No. 10). The record shows that service was attempted on Schafer through the registered agent for the corporate defendant, The Pep Boys: Manny, Moe & Jack ("Pep Boys"). Because the corporation's registered agent is not the individual defendants' agent, Schafer and other individual defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for ineffective service of process. (Docket Entry No. 13).

On April 1, 2014, the last day of the extended deadline the court set for the plaintiff to serve the individual defendants, the plaintiff filed "returns of summons" with the Clerk of Court claiming

to have served Dyan Watson and Chuck Ellsworth. (Docket Entry No. 18 and 19). The defendants did not dispute service on Watson and she answered. (Docket Entry No. 17). Service on Chuck Ellsworth was disputed. The record showed that the plaintiff dropped off the summons and complaint at a Pep Boys retail store in Southern California. The plaintiff did not file a return of summons for Schafer within the extended deadline. The individual defendants filed their second motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) on April 2, 2014. (Docket Entry No. 20). On August 6, 2014, the court granted the individual defendants' motion in part and dismissed the lawsuit against Elsworth and Patricia O'Connor. (Docket Entry No. 22). The court ordered that Schafer's address be filed with the court under seal to permit service by the United States Marshals Service. Through clerical error, no order for such service issued at the time.

On February 20, 2015, the plaintiff apparently asked that summons be reissued for Schafer, Watson, and Pep Boys. Pep Boys and Watson had already answered the amended complaint. The same day, the plaintiff attempted to serve all three summonses by having an unidentified individual drop them off with a receptionist at the law firm of Morgan, Lewis & Bockius, LLP, which represents the defendants. The man was told that the law firm was not authorized to accept service. This third motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) followed, (Docket Entry No. 36), and the plaintiff has responded. (Docket Entry No. 37). The plaintiff has also asked the court to compel Schafer to disclose his contact information to the plaintiff, and to introduce a tape recording of Schafer that he alleges shows egregious discrimination. (Docket Entry No. 38). The defendants have responded to this request. (Docket Entry No. 39).

## II.     The Applicable Legal Standard

Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the Plaintiff." A federal court lacks personal jurisdiction over a defendant who has not been served with process as Rule 4(m) requires. *Omni Capital Int'l v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987); *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983). Under Rule 4(e), an individual is properly served if (1) a copy of the summons and complaint is delivered to the individual personally; (2) a copy of the summons and complaint is left at the individual's dwelling or usual place of abode and with someone of suitable age and discretion who resides there; or (3) a copy of each is delivered to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e). "If service of process is challenged as defective, the party responsible for serving has the burden to show that service was valid." *See Coleman v. Sentinel Transp., LLC*, No. 4:09-CV-1510, 2009 SL3834438, at *3 (S.D. Tex. Nov. 16, 2009) (Rosenthal, J.).

## III.    Discussion

The record shows that the plaintiff first tried to serve Schafer through the Pep Boys registered agent. This is not proper service of process under Rule 4(e) because that registered agent is not the agent for Schafer. Service was then attempted on Morgan, Lewis & Bockius LLP, the attorneys for the defendants. But the person identified as "Mimi" on the server's affidavit is not designated by law or otherwise authorized to accept service on behalf of Schafer or on behalf of Morgan, Lewis & Bockius LLP, which is not a party to this lawsuit. Nor is Morgan, Lewis & Bockius LLP designated or authorized to accept service on Schafer's behalf. The summons indicates that it was not served on Shafer or anyone designated by law to accept service on his behalf, and Schafer has not agreed to waive service.

The plaintiff has still failed to serve Schafer. The motion to dismiss Bradley Schafer is not granted at this time because the court has ordered service by the United States Marshals Service. The motion may be reurged later if appropriate.

The plaintiff has also filed a Motion to Submit Recorded Evidence. (Docket Entry No. 39). The evidence pertains to a Rule 12(b)(5) motion to dismiss filed by Bradley Schafer, for lack of service of process. The plaintiff filed a response, (Docket Entry No. 39). Because the recording does not bear on the motion to dismiss, it is not admitted in connection with this motion. The plaintiff may reurge its admission if appropriate for other purposes.

SIGNED on March 20, 2015, at Houston, Texas.

　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　United States District Judge